UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RANDALL TURNER,

    *Plaintiff,*

v.

SHARYN BEENE, TRICORE OPERATION
MANAGER; GARY IGRAM, TRICORE
GENERAL MANAGER; PATRICIA
WEILAND, TRICORE CEO/EXECUTIVE
DIRECTOR; RUBEN HUDGE, ASSISTANT
COMMISSIONER TDOC;

    *Defendants.*

No. 1:11-cv-12
*Chief Judge Curtis L. Collier*

## **MEMORANDUM**

Randall Turner, a prisoner housed at Southeastern Tennessee State Regional Correctional Facility (STSRCF) in Pikeville, Tennessee, has submitted an application to proceed *in forma pauperis* and a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File Nos. 1 & 2). Under 28 U.S.C. § 1915(g), however, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See Turner v. Cupp, et. al.*, Civil Action

No. 1:99-cv-157 (E.D. Tenn. June 28, 1999) (order dismissing case as frivolous and for failure to state a claim); *Turner v. Kinsey, et. al.,* Civil Action No. 1:02-cv-25 (E.D.Tenn, Jan. 28, 2002) (dismissed for failure to exhaust and failure to state a claim); and *Turner v. Erlanger Hospital et. al.,* Civil Action No. 1:02-cv-24 (E.D. Tenn. Jan. 29, 2002) (dismissed for failure to state a claim).

Plaintiff does not allege that he is in imminent danger of bodily harm, rather, he alleges he was denied employment based on race discrimination. Plaintiff's claims do not result in imminent danger that may cause serious physical harm. Therefore, these claims are not excepted from the three strikes provision of 1915(g). Thus, in order to file this action, Plaintiff must prepay the entire $350.00 filing fee.

Accordingly, his motion to proceed *in forma pauperis* will be **DENIED** (Court File No. 1) and this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) (Court File No. 2). *See Peeples v. Bradshaw,* 110 Fed.Appx. 590 (6th Cir. Sept. 14, 2004), *available in* 2004 WL 2203536 (affirming district court's denial of *in forma pauperis* status and dismissal of action without prejudice); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he

2

*initiates* that suit.") (emphasis in original).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**