UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RANDALL TURNER, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-12 |
| | ) | *Judge Curtis L. Collier* |
| SHARYN BEENE, TRICORE OPERATION | ) | |
| MANAGER; | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM

This *pro se* prisoner's civil rights action brought pursuant to 42 U.S.C. § 1983 was previously dismissed without prejudice under 28 U.S.C. § 1915(g) as the Court denied Randall Turner ("Plaintiff") leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). (Court File Nos. 3 & 4). Plaintiff successfully appealed, and his case was remanded by the United States Court of Appeals after concluding that Civil Case 1:02-cv-25 was dismissed for failure to exhaust administrative remedies and therefore, does not count as a "strike" under § 1915(g) (Court File No. 6). Although the Court's memorandum made an alternative finding of failure to raise a claim upon which relief may be granted in Civil Case 1:02-cv-25, such finding is apparently not reflected in the Court Order.

The Court previously dismissed Plaintiff's claims against Defendants Gary Ingram, Patricia Weiland, and Ruben Hudge, in its August 14, 2012, Memorandum and Order, for failure to allege these defendants engaged in any unconstitutional conduct(Court File No. 8). Plaintiff was permitted to go forward on his prison employment discrimination case against Defendant TRICOR Operations Manager Sharyn Beene ("Defendant Beene") (Court File Nos. 8).

Presently before the Court is Defendant's motion for summary judgment pursuant to Fed.

R. Civ. P. 56 (Court File No. 34) and Plaintiff's response and supplement (Court File Nos. 37, 39).

After reviewing the record and applying the applicable law, the Court will **GRANT** Defendant's motion for summary judgment for the reasons explained below (Court File No 34).

## I.      NON-DISPOSITIVE MOTIONS

Also before the Court is Plaintiff's motion requesting the Court to reconsider its conclusion that the "Population and Cell Changes Sheet" does not demonstrate Inmate Lance was hired on February 8, 2010, as a wood scraper (Court File No. 45).  For the reasons explained in the Court's August 21, 2013, Order, the motion will be **DENIED** (Court File No. 45).  Nevertheless, even if Inmate Lance was hired on February 8, 2010, as a wood scraper, that fact does not lend credence to Plaintiff's claim that Defendant Beene denied him employment based on his race, because, as the record clearly reflects, Plaintiff was never placed on the TRICOR wood scraper register by the Institutional Job Coordinator, and therefore, Defendant Beene never had the opportunity to consider him for employment.

Because the case is being dismissed, Plaintiff's motions to add six witness for "impeached purposes" and to appoint counsel will be **DENIED as MOOT** (Court File Nos. 46, 47).

## II.      STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  The Court cannot weigh the evidence or determine the truth

2

of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

"Only factual disputes that might affect the outcome of a lawsuit under substantive law are 'material.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cable v. Calhoun County Jail,* 124 F.3d 196, 1997 WL 595090, at *1 (6th Cir. Sept. 25, 1997). To qualify as a genuine issue as to any material fact, a dispute must involve evidence which a jury could find for the non-moving party. *Cable*, 1997 WL 595090, at *1. The moving party has the burden of showing there is an absence of evidence to support the non-moving party's case. *Id.*, at *1. Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324-325. The plaintiff must present "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

The nonmoving party cannot rest on pleadings and allegations, but must present probative evidence which necessitates a resolution of the factual dispute at trial. *Mathis v. Bowater, Inc.*, 985

3

F.2d 277, 278 (6th Cir. 1993). If the nonmoving party fails to carry his or her burden by not making a sufficient showing of an essential element of his or her case, summary judgment is appropriate. *Celotex*, 477 U.S. at 323. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing of an essential element of the case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 2439, 138 L. Ed. 2d 199 (1997).

In the instant case, Defendant Beene has filed a properly supported motion for summary judgment, thus requiring Plaintiff to set forth specific facts showing that there is a genuine issue for trial. Therefore, Plaintiff must come forward with some significant probative evidence to support his claims. *Celotex Corp. v. Catrett*, 477 U.S. at 324. *See Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991) ("[A]n opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings").

III.     FACTS

The Court has reviewed the record in the light most favorable to Plaintiff and endeavored to summarize the relevant facts. At the time of the events, Plaintiff, self-described as a "black american," was housed and currently is housed, at what was formerly Southeast Tennessee State Regional Correctional Facility ("STSRCF") but recently renamed as Bledsoe County Correctional Complex ("BCCX"). Plaintiff submitted an information request to Inmate Job Coordinator Gail Schroeder ("IJC Schroeder") on November 19, 2009, requesting a job in industry (TRICOR) (Court File No. 2, Complaint). IJC Schroeder denied his request based on his educational level (Court File No. 2-1, p. 1).

Later, Plaintiff learned that "white inmate Lance T.D.O.C. #163029, and two other white

4

inmates with no high school diploma or GED [were] hired by TRICOR as wood scarper [sic]." (Court File No. 2). Prompted by this information, Plaintiff sent a second information request to the job coordinator on April 4, 2010, requesting to be placed on the register for wood worker scraper at TRICOR, stating he reached his "full academic potential like the other three inmates who [were] hired by TRICOR on February 8, 2010." (Court File No. 2). Plaintiff received a response from the job coordinator: "Denied due to not having a verified GED or high school diploma on TOMIS." (Court File No. 2-1, p. 2–Information Request and Response).

On May 13, 2010, Plaintiff sent another request to the job coordinator inquiring why Inmate Lance, who does not have a high school diploma or GED, qualified for a TRICOR wood scraper job but Plaintiff did not. The job coordinator responded: "TRICOR approved his education status." (Court File No. 2-1, p. 3–Information Request and Response).

After learning "white inmate Lance T.D.O.C. No. 163029" had received an education override, Plaintiff filed an inmate grievance on June 2, 2010, entitled "Title VI" claiming "Tricor Sharyn Beene" racially profiled and discriminated against him when she hired Inmate Lance and two other white inmates, who do not have a High School diploma or GED, "as wood-worker-scapers [sic] at Tricor." (Court File No. 2-1, pp. 6-9). Tim Jones, TRICOR Supervisor at BCCX ("Supervisor Jones") signed the June 15, 2010 "Response of Supervisor of Grieved Employee or Department" responding as follows: "I have no knowledge that we are working anyone without a GED or diploma. TRICOR uses's [sic] IJC to hire each inmate worker. All positions are supplied via IJC in accordance to policy and job description restrictions. IFC use's [sic] register according to the requirements. All job placements are through the institution through the job register list according to those requirements. A copy of job description is attached." (Court File No. 2-1, p. 10).

5

In pertinent part, the TRICOR job description for wood working requires that a prisoner "[m]ust have a GED or high school diploma verified on TOMIS or enroll in class." (Court File No. 2-1, p. 11).

On June 17, 2010, Gail Schroeder signed a "Response of Supervisor of Grieved Employee or Department" which explained:

> A verified GED or high school diploma is required for TRICOR industries. According to TOMIS (LCLE), Inmate Turner has reached his "academic potential" which is not considered fulfilling the education requirement. Any exceptions to the education requirement would need to be requested through TRICOR. TRICOR has made exceptions in the past for inmates with carpentry/wood working skills prior to incarceration. These exceptions must be approved through TRICOR staff prior to placement on the job register.
>
> Presently there are no inmates assigned to TRICOR industries that do not have a verified GED/diploma on TOMIS.
>
> Previously, there were some inmates who were assigned to TRICOR for a few weeks who did not have verified education but had previous experience as Wood Scrapers at NECX. After they were assigned to our TRICOR industries it was later discovered that NECX's TRICOR operation allowed inmates to work TRICOR while obtaining their GED at the same time. Since our facility does not accommodate this arrangement, these inmates were dismissed from TRICOR.
>
> As the acting job coordinator, at no time do I ever consider race a factor when assigning inmates to jobs.

(Court File No. 2-1, p. 11). On June 30, 2010, the inmate grievance committee responded: "That the person responsible for reviewing job specs. Possibly consider including [sic] those who have reached thier [sic] 'acedemic-potential' [sic] and if one I/M is given an overide [sic] to work, all be give [sic] the same opportunity." (Court File No. 2-1, p. 4).

## IV.    ANALYSIS

Plaintiff alleges Defendant Beene discriminated against him based on his race with respect to prison employment because, Defendant Beene, as the TRICOR Operations Manager, made

6

educational exceptions to allow white inmates to work for TRICOR, but would not make such an educational exception for him, an African American. Defendant Beene maintains she is entitled to summary judgment as a matter of law, claiming there is no genuine issue of material as to her liability because Plaintiff was never placed on the register by IJC Schroeder to be considered for employment with TRICOR as a wood scraper. Specifically, Defendant Beene avers she does not decide which inmates are assigned to work for TRICOR and she cannot make exceptions to the educational requirements imposed by TRICOR. Therefore, according to Defendant Beene, Plaintiff is unable to demonstrate Defendant Beene engaged in the unconstitutional conduct alleged in the complaint (Court File No. 35).

In addition, Defendant Beene asserts even assuming Plaintiff could show she was involved in the alleged conduct, he is still unable to establish a § 1983 employment race discrimination claim against her because he was not qualified for the position and he was not treated any worse than similarly situated inmates outside the protected class, as both white and black inmates without a GED or diploma were briefly allowed to work for TRICOR before being terminated upon discovery of their lack of qualifications.

A.      42 U.S.C. § 1983

To state a viable § 1983 claim, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice

of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

In analyzing a § 1983 claim, the Court must initially determine whether the plaintiff possessed a federal constitutional right that has been invaded. Plaintiff alleges discriminatory denial of employment. Specifically, Plaintiff alleges he was denied employment with TRICOR because he is a "black american." Plaintiff seeks back pay, $50,000.00 in compensatory damages, and $75,000.00 in punitive damages.

## B. Discriminatory Denial of Employment

Plaintiff alleges Defendant Beene denied him employment at TRICOR as a wood scarper based on his race. Plaintiff contends he was denied employment while similarly situated white inmates where employed by TRICOR as wood scrapers. Specifically, Plaintiff alleges Defendant discriminated against him with respect to his prison employment because she allegedly made educational exceptions to allow white inmates to work for TRICOR, but refused to make such an educational exception for him.

Defendant responds that she neither decides which inmates are assigned to work for TRICOR or makes exceptions to the educational requirements imposed by TRICOR. Defendant explains all inmate jobs at the TRICOR plant are filled by the IJC's placement of the inmates on the register list (Court File No. 35-1, ¶ 5). Further, only inmates placed on the list by the IJC can work for TRICOR. (Court File No. 35-1, ¶ 8). The IJC determines whether inmates are qualified to work for TRICOR, and inmates that do not have a GED or diploma should not be placed on the job

8

register by the IJC (Court File No. 35-1, ¶¶ 6, 14). Plaintiff was never placed on the register by the IJC to be considered for employment at TRICOR as a wood scraper, and Defendant Beene "could not provide Mr. Turner a job to work at TRICOR unless the IJC placed him on the job register in accordance with TDOC Policy # 505.07." (Court File No. 35-1, ¶ 18).

Further, argues Defendant, the undisputed facts show both white and black inmates without a GED or diploma were briefly allowed to work for TRICOR before being terminated upon discovery of their lack of qualifications. Therefore, maintains Defendant, Plaintiff is unable to establish a § 1983 employment discrimination claim because the undisputed facts show Plaintiff was not qualified for the position, and he was not treated any worse than similarly situated inmates outside of the protected class who were terminated once it was discovered they did not possess the educational credentials (Court File No. 35).

1. *Defendant's Motion for Summary Judgment*

Defendant Beene has filed a motion for summary judgment supported by her affidavit (Court File No. 35-1) along with affidavits from the IJC Schroeder (Court File No. 35-2) and Supervisor Jones (Court File No. 35-3). In addition, Defendant Beene supported her motion for summary judgment with the Administrative Policies and Procedures pertaining to TDOC for assigning inmates to institutional programs including employment and the TOMIS printouts of the dates Inmates Lance, Jones, and Davis were placed on the job register by the IJC (Court File Nos. 35-4 and 42-1).

a. Defendant Beene's Affidavit

Defendant Beene avers as Operations Manager at TRICOR industries at BCCX she is responsible for overseeing the operations at BCCX TRICOR plant. Defendant Beene further avers,

9

she is not personally involved in deciding which inmates are assigned to TRICOR, placing inmates on the job register to work for TRICOR, or making educational exceptions to the job requirements for TRICOR job assignments (Court File No. 31-1, ¶¶ 9-11). Specifically, Defendant Beene avers she cannot place inmates on the job register to work for TRICOR, make educational exceptions to the job requirements for TRICOR job assignments, or make any exceptions to TRICOR's hiring requirements. Defendant Beene explains she was unable to provide Plaintiff a job working at TRICOR unless the IJC placed him on the job register in accordance with TDOC Policy # 505.07 (Court File No. 35-1, ¶¶ 10-11, 18).

Defendant Beene states all inmates that work for TRICOR must have a GED or diploma and inmates without either a GED or diploma should not be placed on the job register by the IJC. Defendant Beene admits Inmates Ealion Lance, Donald Jones, and Dustin Davis briefly worked as wood scrapers at TRICOR because the IJC placed them on the job register and it was assumed these inmates were qualified to work for TRICOR, but further explains that once it was discovered these three inmates did not have a GED or diploma, their positions with TRICOR were terminated. Defendant Beene is unaware of any inmates currently working for TRICOR that do not have a GED or diploma (Court File No. 35-1, ¶¶13-17).

b.    Gail Schroeder's Affidavit

IJC Schroeder avers, in her affidavit, that she is responsible for coordinating inmate job assignments, deciding whether inmates are eligible and qualified for positions such as the wood scraper position sought by Plaintiff, and, pursuant to TDOC Policy #505.07, the only individual authorized to assign inmates to a particular job (Court File No. 35-2, ¶¶ 4-5). Particularly, IJC Schroeder avers Defendant Beene does not have authority to place inmates on the job register (Court

10

File No. 35-2, ¶ 7).

According to IJC Schroeder, on August 5, 2009, she approved Inmate Ealion Lance, a white inmate, to work as a wood scraper with TRICOR and placed him on the register. On November 16, 2009, IJC Schroeder affirms she approved two African American inmates, i.e., Donald Jones and Dustin Davis to work as wood scrapers and placed them on the job register (Court File No. 35-2, ¶¶ 11-15). IJC Schroeder further explains that none of these three inmates have a verified GED or Diploma on the Tennessee Offender Management Information System ("TOMIS"), and all three inmates were terminated from their positions with TRICOR when it was discovered they did not have a GED or diploma. IJC Schroeder further avers Inmate Robert Wheatley was never placed on the job register to work as a wood scraper for TRICOR at BCCX, and there are currently no inmates employed by TRICOR at BCCX that do not have a verified GED or diploma on TOMIS (Court File No. 35-2).

Finally, IJC Schroeder avers that on or about November 19, 2009, Plaintiff requested her to place him on the job register to work as a wood scraper at TRICOR but she denied the request because he did not have a verified GED diploma on TOMIS; race was not considered in her decision (Court File No. 35-2, ¶¶ 20-22).

c.      Tim Jones' Affidavit

Supervisor Jones verifies inmates are assigned to work for TRICOR by the IJC in accordance with TDOC Policy #505.07; if an inmate is qualified to work for TRICOR, the IJC assigns the inmate to TRICOR and places the inmate on the job register list; all TRICOR positions are supplied by the IJC through the job register list; an inmate not placed on the job register list by the IJC cannot work for TRICOR; and only the IJC can assign inmates to work for TRICOR (Court File No. 35-3,

¶¶ 2-8).   In addition, Supervisor Jones avers TRICOR relies on the IJC to screen inmates to make sure they are qualified and meet TRICOR job requirements; all inmates that work for TRICOR are required to have a GED or diploma; and if an inmate does not have either a GED or diploma, the IJC should not place him on the job register to work for TRICOR (Court File No. 35-3).

Supervisor Jones further verifies that TRICOR employees, such as Defendant Beene nor himself are personally involved in deciding which inmates are qualified to work for TRICOR and placed on the job register list and specifically avers Defendant Beene cannot assign inmates to work for TRICOR; place inmate on the job register list; or made educational exceptions to the TRICOR job requirements (Court File No. 35-3, ¶¶ 12-14).

In his affidavit, Supervisor Jones explains that Inmates Ealion Lance (Caucasian), Donald Jones (African American), and Dustin Davis (African American) briefly worked as wood scrapers at TRICOR because they were placed on the job register by the IJC and it was assumed these inmates

met the qualification requirements.  When it was discovered Inmates Lance, Jones, and Davis did not have a GED or diploma, their positions with TRICOR were terminated.  To Supervisor Jones' knowledge, there are no inmates currently working for TRICOR that do not have a GED or diploma (Court File No. 35-3, pp. 2-3, ¶¶ 15, 15, 16).[1]

2.   *Plaintiff's Response*

Plaintiff has filed a response contending there are genuine disputes as to the material facts. Plaintiff supports his response with affidavits from Inmate Ealion Lance (Court File No. 38, p. 14), Inmate Dustin Davis (Court File No. 38, p. 15), and Inmate Michael Dean (Court File No. 38, p. 16).

---

[1]        In Supervisor Jones' affidavit, two paragraphs are numbered fifteen (15).

No. 35-3). In addition, Plaintiff filed other supporting documents which included, *inter alia,* Population and Cell Changes and Administrative Policies and Procedure #505.07 (Court File No. 38).

In his response, Plaintiff seemingly argues Defendant Beene is responsible for IJC Schroeder's refusal to place him on the TRICOR wood scraper register and waiving the educational requirement for Inmate Lance but not for Plaintiff. Plaintiff contends Inmate Lance's affidavit represents Defendant Beene hired him knowing he did not have a GED or diploma (Court File No. 38, p. 2). Plaintiff also argues Defendant Beene knew prior to hiring Inmate Dustin Davis and Inmate Michael Dean that neither had a GED or high school diploma. Finally, Plaintiff contends Plaintiff's affidavits mislead the Court because Inmate Lance was not hired on August 9, 2009, as represented by Ms. Schroeder. Instead, according to Plaintiff, the Population and Cell Changes document he found in the trash when he was a cleaner in Unit 13 reflects Inmate Lance was not hired until February 8, 2010 (Court File No. 38, p. 21). Notably, the ETOMIS-Register Placement reflects Inmate Lance requested and was approved for "Woodworker-scraper Tricor" on August 5, 2009 (Court File No 41-1, p. 1). This supports IJC Schroeder's averment that "[o]n August 5, 2009, [she] approved Ealion Lance, TDOC # 163029, to work as a wood scraper with TRICOR and placed him on the job register." (Court File No. 35-2, ¶ 8).

### a. Inmate Lance's Affidavit

Inmate Lance submitted an unnotarized affidavit under penalty of perjury that when he "attained a job at TRICOR as wood-scraper, the only thing I did was to tell Ms. Sharyn Beene TRICOR General Manager that I worked in construction prior to coming to prison. I did not submit a document of my past job history nor was I ask to do so by Ms. Sharyne Beene. Nor was I required

to have a high school diploma or GED." (Court File No. 38, p. 14).

### b. Inmate Davis' Affidavit

Inmate Davis avers as follows:

> Before arriving here at S.T.S.R.C.F. to attend the Phrea Program. [sic] I were [sic] employed by TRICOR at N.E.C.X. as a wood scraper. After attending the Phrea program at S.T.S.R.C.F. for ninety (90) days. [sic] I was assign [sic] to job at TRICOR as wood worker scraper. Before being hired by Tricor, I was interviewed by Mrs. Sharyn Beene at which time I gave her information such as my social security number and how long I was employed at N.E.E.C. TRICOR. I were inform [sic] by Sharyn Been that they all agreeded [sic] that I could work at Tricor until I completed the Phrea program. If I wanted to work at Tricor after my completing the Phrea program.[sic] I would have to attained [sic] G.E.D. After being hired by Tricor Sharyn Beene, for a few months I were [sic] not allowed to work. When I were [sic] finally permitted to work it only lasted about a week. Reason is, I were [sic] fired by TRICOR Sharyn Beene because I did not meet the educational requirements (High School Diploma or G.E.D.). Sharyn Been knew I did not have a high school diploma or G.E.D. before she hired me."

(Court File No. 38, p. 15).

### c. Inmate Dean's Affidavit

Inmate Dean avers he is a white American with no high school diploma or G.E.D., and he "did a job history report to Sharyn Beene, Tricor Operation Manager for a job at TRICOR for woodworker scraper. I was never told by Sharyn Beene, that wood working skill or carpenter skill prior to incarceration was a requirement." (Court File No. 38, p. 16). In addition, Inmate Dean avers Defendant Beene told him "that inmate Lance mess everything up for everybody. (Meaning that Lance only work a few days and quit). So she was not going to hire anymore inmates with no High School [diploma] or G.E.D. That was the only reasons given by Sharyn Beene, in refusing to hire me." (Court File No. 38, p. 16).

### 3. *Applicable Law*

### a. Employment Discrimination

14

Although a prisoner has no right to a job in the prison or to any particular job assignment prison officials may not discriminate against a prisoner on the basis of race in making job assignments. *See Rhodes v. Chapman,* 452 U.S. 337, 348 (1981); *Dellis v. Corrections Corp. Of Am.,* 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson,* 832 f.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 335 (6th Cir. 1990). The Supreme Court has instructed that "[w]here the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purposes." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Thus, "[u]nder extant precedent purposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of [the action's] adverse effects upon an identifiable group." *Id.* at 676-77 (internal punctuation and citations omitted). Therefore, to state a claim based on a violation of a clearly established right, a plaintiff must plead sufficient factual matter to show that a defendant adopted and implemented the policy at issue not for a neutral reason but for the purpose of discriminating on account of race, religion, or national origin. *See id.* at 677.

15

b.    <u>Liability</u>

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. at 676. To be liable for the deprivation of federal constitutional rights under 42 U.S.C. § 1983 a plaintiff must allege facts sufficient to demonstrate defendant personally participated in the deprivation of his federal constitutional rights and "[w]here the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Id.*

4.    *Discussion*

Although a prisoner has no right to a job in prison or to any particular job assignment, *McKinley v. Bowlen,* 8 Fed. Appx. 488, 492 (6th Cir. 2001), he does have a Fourteenth Amendment right to equal protection from racial discrimination by prison officials when choosing whether to assign a prisoner to a job or in choosing what job to assign the prisoner. *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir. 1991). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As explained below, Plaintiff has not

16

produced any credible evidence demonstrating Defendant Beene engaged in any unconstitutional conduct.

Defendant Beene contends she did not personally participate in or cause the alleged deprivation of Plaintiff's rights. Indeed, Plaintiff does not contend he ever personally made a request to Defendant Beene to place him on the job register or grant him an educational waiver; nor does he provide any evidence indicating Defendant Beene had any involvement in his attempt to obtain employment at TRICOR.

As previously noted, an individual defendant, including a supervisory official, is not liable on a civil rights claim unless the facts establish the defendant was personally involved in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Rizzo v. Goode,* 423 U.S. 362, 370-71 (1976) (mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478 (1986) (discussing rule that vicarious liability does not apply in claim brought under § 1983).

To sufficiently establish Defendant was personally involved in the alleged discriminatory action, Plaintiff must allege facts, not simply conclusions regarding Defendant Beene's involvement. The Court must focus on the individualized duties and responsibilities of Defendant Beene to determine whether her acts or omissions caused the alleged deprivation. Plaintiff must demonstrate Defendant Beene's conduct was the but-for and proximate cause of the alleged injury. *See Powers v. Hamilton County Public Defender Com'n,* 501 F.3d 592, 608 (6th Cir. 2007) (discussing "but for" cause in fact and proximate cause inquiry on a § 1983 claim).

17

Plaintiff is unable to meet his burden to show Defendant Beene's conduct caused his alleged injury because the evidence clearly demonstrates, pursuant to TDOC Policy 505.07 (VI)(E)(4), the IJC is the only individual that can assign an inmate to work for TRICOR, and Defendant Beene is not the IJC (Court File No. 35-4, p. 7) ("Only the IJC may make assignments, although recommendations and information from other staff may be considered in determining assignments. In his/her absence, the job tracking clerk or designated relief person may make assignments.").[2]

Defendant Beene supported her motion for summary judgment with notarized affidavits from herself, IJC Schroeder, and TRICOR Supervisor Jones, establishing only IJC Schroeder had the authority to determine whether inmates are eligible or qualified for positions such as the wood scraper position sought by Plaintiff, and the only individual authorized to assign inmates to a particular job (Court File Nos. 35-1; 35-2, p. 1, ¶¶ 4 & 5; and 35-3).  There is no evidence Defendant Beene denied Plaintiff a place on the TRICOR wood scraper register or employment.  Additionally, there is no evidence Plaintiff requested Defendant to waive the educational requirements.

Plaintiff alleges Defendant Beene violated his rights because she made educational exceptions for white inmates to work for TRICOR but would not do so for Plaintiff, who is African American.  Defendant Beene has submitted properly verified and notarized affidavits reflecting that IJC Schroeder decides whether inmates are eligible and qualified for positions such as the TRICOR wood scraper position (Court File No. 35-2, p. 1, ¶ 4), not Defendant Beene (Court File No. 35-1,

_____

[2]        Plaintiff filed a supplement to his objection of summary judgment which included two inmate inquiries where he asked what qualifications were necessary to work in maintenance (Court File No. 39).  Plaintiff's inquires requesting the qualification to work in maintenance reflect he was notified "maintenance staff review all requests for placement on all maintenance registers and Maint. Staff reviewed your request and they determined you were not eligible."  (Court File No. 39-1, pp. 2-3).  This evidence does not demonstrate Defendant Beene refused to assign Plaintiff a job at TRICOR as a wood-scraper or waive the educational requirements for Plaintiff.

18

p. 2, ¶¶6-10). More specifically, IJC Schroeder avers "[o]n or about November 19, 2009, inmate Turner requested I place him on the job register to work as a wood scraper with TRICOR. Inmate Turner's request was denied because he did not have a verified GED or diploma on TOMIS." (Court File No. 35-2, pp. 2-3, ¶¶ 20-21). Additionally, it was IJC Schroeder who approved Inmates Lance, Jones, and Davis to work as wood scrapers and placed them on the job register (Court File No. 35-2, p. 2, ¶¶ 8-17). In addition to not deciding which inmates are allowed to work at TRICOR, Defendant Beene cannot make and never has made educational exceptions to allow inmates to work for TRICOR (Court File Nos. 35-1, p. 2, ¶¶ 11-12; 35-3, p. 2, ¶¶ 4-14).

To demonstrate there is a genuine issue of material fact, Plaintiff must present some affirmative evidence from which a jury could find that Defendant Beene violated his rights by refusing to place him on the job register and making educational exceptions for white inmates to work at TRICOR but refusing do so for him because he is a Black American. This, Plaintiff has not done.

Plaintiff has not submitted his affidavit identifying any contact he had with Defendant Beene in relation to his claim. Specifically, Plaintiff has not submitted his affidavit averring he requested Defendant Beene to place him on the job register or hire him as a wood scraper or that she personally refused to place him on the register, hire him as a wood scraper, or grant him an educational waiver. Instead of providing the Court with any evidence of Defendant Beene's direct involvement with his job quest, Plaintiff contends, in his response to Defendant's motion for summary judgment, that he sent an information request, on May 13, 2010, asking why Inmate Lance qualified for a job without a high school diploma or GED but Plaintiff did not qualify (Court File No. 38, Exhibit 2). According to Plaintiff, IJC Schroeder's response that "TRICOR approved his

ed status" disputes Defendant Beene's averment that she cannot make educational exceptions to the job requirements for TRICOR job assignments. Plaintiff is incorrect. There is no affirmative evidence in that response that indicates Defendant Beene can and did make educational exceptions to the job requirements. Although the record does not reflect who made the educational exceptions, the uncontroverted proof clearly reflects that Defendant Beene "cannot make educational exceptions to the TRICOR job requirements." (Court File No. 35-3, p. 2, ¶ 14). Moreover, Plaintiff does not contend he requested Defendant Beene to make an educational exception for him and she denied it. Plaintiff's factually unsupported conclusions that Defendant Beene is authorized to grant the educational exceptions and that she denied him employment, are insufficient to create a genuine issues of fact because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation and punctuation omitted).

Thus, Plaintiff's claim that Defendant Beene intentionally and purposefully discriminated against him and refused to hire him at TRICOR because he is African American is not entitled to the assumption of truth because it is nothing more than a factually unsupported conclusion. Because Plaintiff's complaint and response to the motion for summary judgment consists of legal conclusions without any well-pleaded factual allegations establishing Defendant Beene engaged in any unconstitutional conduct or had any involvement in his failure to obtain employment at TRICOR as a wood scraper, the Court is unable to infer the veracity of any factual allegations and determine whether they plausibly give rise to an entitlement of relief.

Plaintiff simply has not provided any factual support which the Court can accept as true, to

demonstrate Defendant Beene had any personal involvement in relation to his efforts to obtain a job at TRICOR as a wood-scraper or that she denied him an educational exception because he is African-American. Likewise, none of Plaintiff's proof or affidavits from Inmates Lance, Jones, or Davis demonstrate Defendant Beene granted educational exceptions or denied Plaintiff a job or educational exception based on his race.[3]   Plaintiff does not dispute, but rather agrees, he was never put on the wood-scraper job register by IJC Schroeder (Court File No. 2).  Additionally, Plaintiff claims that once the IJC told him TRICOR approved Inmate Lance's educational status, he filed a "Title VI grievance" on TRICOR Defendant Beene for racial profiling/discrimination in the hiring of inmates that have reached their full academic potential (Court File No. 2).  Plaintiff's response to the motion for summary judgment does not supply the missing facts which are required to show Defendant Beene had any connection to Plaintiff's failure to obtain a job with TRICOR as a wood-scraper.

In sum, there is no evidence Defendant Beene engaged in any conduct, unconstitutional or otherwise, in relation to Plaintiff's attempt to seek a job with TRICOR as a wood-scraper.  Because Plaintiff was never placed on the register by the IJC, he was never considered for employment at TRICOR.  Accordingly, Defendant Beene will be **GRANTED** summary judgment and Plaintiff's complaint will be **DISMISSED** in its entirety.

## V.     CONCLUSION

---

[3]     Plaintiff contends Inmate Lance's unnotarized affidavit represents Defendant Beene hired him knowing that he did not have a GED or diploma (Court File No. 38, p. 2).  Contrary to Plaintiff's contention,  Inmate Lance's affidavit reflects when he "attained a job at TRICOR as wood-scraper, the only thing I did was to tell Ms. Sharyn Beene Tricor General Manager that I work in construction prior to coming to prison.  I did not submit a document of my past job history nor was I ask to do so by Ms. Sharyn Beene.  Nor was I required to have a high school diploma or GED."  (Court File No. 38, Exhibit 4).

21

Plaintiff's subjective belief of racial discrimination by Defendant Beene is not enough to give rise to a genuine issue of material fact. There must be some admissible, probative evidence that Plaintiff was discriminated against by Defendant Beene to raise a genuine issue of material fact. Such evidence is wholly lacking in this case. The facts presented in this case simply do not make out a cognizable claim for deprivation of federally protected civil rights by Defendant Beene.

Accordingly, because Plaintiff has failed to set forth any facts in support of his claims, Defendants motion for summary judgment will be **GRANTED** (Court File No. 34).

An order will enter **DISMISSING** Plaintiff's complaint in its entirety.


**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**